# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHIMA NASERY,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 16CV1534-CAB-KSC<br><br>**ORDER REGARDING MOTION FOR ATTORNEYS' FEES AND COSTS [Doc. No. 22]** |

  On August 4, 2017, Magistrate Judge Karen S. Crawford issued a Report and Recommendation ("Report") to grant Plaintiff Rahima Nasery's motion for summary judgment, deny Defendant Berryhill's cross-motion for summary judgment, and remand the case back to the Commissioner for further proceedings. [Doc. No. 19.] On January 19, 2017, this Court issued an order adopting the Report, granting Plaintiff's motion for summary judgment, denying Defendant's motion for summary judgment, and remanding for further proceedings. [Doc. No. 20.] On November 14, 2017, Plaintiff filed a motion for attorneys' fees. [Doc. No. 22.] On November 22, 2017, Defendant filed an opposition to the motion. [Doc. No. 24.] On December 17, 2017, Plaintiff filed a reply to the opposition. [Doc. No. 25.] After a careful review of the submissions of the parties,

1

16CV1534-CAB-KSC

the Court **GRANTS WITH MODIFICATION** Plaintiff's motion for attorneys' fees/costs as set forth below.

DISCUSSION

Plaintiff has submitted an application for attorney's fees pursuant to the Equal Access to Justice Act, ("EAJA") 28 U.S.C. section 2412. Defendant opposes the motion on the grounds that the government's position was substantially justified and that the fees requested are unreasonable. The Court grants plaintiff's application with modification, as set forth below.

The EAJA shifts the burden of attorney's fees from the private litigant to the government in order to reduce the chance that the expense of legal representation will deter defense against unreasonable government action. *Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir.1984). "[A] litigant is entitled to attorney's fees and costs if (1) [s]he is the prevailing party, (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A); *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir.2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir.2002)) (further citation omitted).

A. Plaintiff is the prevailing party.

An applicant for Social Security benefits who receives a remand under sentence four of 42 U.S.C. section 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. *Shalala v. Shaefar*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Garnica v. Astrue*, 378 Fed. Appx. 680, 681 (9th Cir. 2010). The Court remanded this action to the ALJ pursuant to sentence four of 42 U.S.C. section 405(g). [Doc. Nos. 19, 20.] Plaintiff is therefore a prevailing party. *See Shalala*, 509 U.S. at 302.

B. The Commissioner has not shown that her position was substantially justified.

The government bears the burden of showing that its position was, as a whole, substantially justified. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir.2001)

("*Gutierrez II* "). To meet this standard, the government must advance a position that is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person*." Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir.2008) (citation and internal quotations omitted). In making this determination, a court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez II*, 274 F.3d at 1258–59 (quotations, citations, and modifications omitted). The Commissioner must show that her position was substantially justified "with respect to the issue on which the court based its remand." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir.1995). It is an abuse of discretion to find "that an agency's position was substantially justified when the agency's position was based on violations of ... the agency's own regulations...." *Gutierrez II*, 274 F.3d at 1259–60 (citing *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir.1996)).

      Here, the Commissioner's position with respect to the issues on which the Court based its remand was not substantially justified. This Court found the Commissioner committed the following two errors of law and fact: (1) the ALJ's decision is incomplete because it does not include an analysis of how plaintiff's ability to function in a work setting is affected by her "mild limitations" in mental functioning [Doc. No. 19 at 37-41]; (2) the ALJ's decision is incomplete because it is apparent the ALJ rejected plaintiff's pain testimony but did not provide clear and convincing reasons for doing so [Doc. No. 19 at 41-43]. For the reasons set forth in the Report, the Commissioner's position was not substantially justified. [*See generally,* Doc. No. 19.] Moreover, given that several errors were made by the ALJ, the government's position is not substantially justified. *See Herron v. Colvin*, 585 Fed. Appx. 511, 512-13 (9th Cir. 2014)(where ALJ made a series of legal errors, the government's position was not substantially justified). Finally, given that the underlying government position was not substantially justified, the government was also not substantially justified in defending the previous action. See *Sampson v. Chater*, 103 F.3d 918, 922 (citations omitted).

C. Reasonableness of Fees.

1. Hours billed.

Plaintiff's counsel seeks compensation for 78 hours billed in this matter. [Doc. No. 22-2 at ¶7.] The Commissioner argues that the number of hours Plaintiff's attorneys claim to have spent litigating this action is unreasonable. Specifically, the Commissioner asserts that the work could have been accomplished in 31.5 hours. [Doc. No. 24 at 7.]

The EAJA directs the court to award reasonable fees. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See *Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), abrogated on other grounds by *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, (1989); *Passatino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 515 (9th Cir.2000); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir.1998).

As to the number of hours expended, Plaintiff's counsel has submitted a detailed itemization showing the number of hours expended for each task. [Doc. No. 22-2 at 4-5.] The Commissioner disputes the reasonableness of the hours spent on particular tasks and then suggests what she thinks would have been a reasonable amount of time for each task. [Doc. No. 24 at 5-8.] However, the Court sees no reason to dispute Plaintiff's counsel's representation that all hours were reasonably expended. The Administrative Record in this case was approximately 600 pages long, and Plaintiff had complicated physical and mental health diagnoses, all of which had to be evaluated against Social Security regulations and guidelines. Given the complexity of the matter, as well as the fact that Plaintiff's counsel submitted almost 40 pages of briefing in this matter (not including the motion for attorneys' fees), 78 hours of attorney time is not unreasonable. See *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000).

2. Reasonable Hourly Rate.

Under the EAJA, attorneys' fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such

as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

### a. Cost of Living Increase

In the Ninth Circuit, "appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CIP-U') for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of the EAJA's $125 statutory rate." *Thangaraja*, 428 F.3d 870, 876-77 (9th Cir. 2005).

Plaintiff correctly states that the hourly rate for EAJA fees is $190.28 for 2016 and $195.95 for 2017. [Doc. No. 22-1 at 8.] Defendant does not dispute these rates.

### b. Special Factor Enhancement.

Plaintiff's counsel, Alexandra Manbeck, argues that she should receive an enhancement of $50 per hour because she has unique knowledge and skills in social security law which are not available to Plaintiff at the statutory rate, and because counsel's specialized knowledge of the Vietnamese language and culture makes her indispensable to Plaintiff's ability to vindicate her civil rights. [Doc. No. 22-1 at 9-15.] However, as Defendant points out: (1) Plaintiff is from Afghanistan, not Vietnam; (2) Plaintiff has resided in the United States since she was 9 years old; (3) she attended the University of Alabama for two or three years; (3) she had a driver's license and was able to drive; (4) she had worked at Nordstrom and Nieman Marcus; (5) she spoke fluent English at her hearing. [Doc. No. 24 at 9.] Therefore, Plaintiff's counsel's language and cultural skills in Vietnamese are not relevant to this case and do not justify an enhancement of the hourly rate. *See Jawad v. Barnhart*, 370 F.Supp.2d 1077, 1089 (S.D. Cal. 2005)(Ms. Manbeck's ability to speak Vietnamese, where plaintiff was from Iraq, was irrelevant to the litigation and not grounds to increase the fee).

### D. Costs.

Plaintiff's request for costs in the amount of $400 for the filing fee is not disputed by Defendant and is reasonable.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorneys' fees/costs is **GRANTED WITH MODIFICATION** as follows: Plaintiff is awarded **$14, 976.50** in attorney's fees, plus **$400.00** in costs.

**IT IS SO ORDERED.**

Dated: December 21, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge